case is Hall v. Hall, number 15-1564. Good morning, may it please the court. I'm Andrew Simpson, arguing on behalf of Elsa Hall in her representative capacities. I would like to reserve four minutes for rebuttal. That'll be granted. Thank you. Your honors, this case comes before you in a little bit of unusual posture. The first issue on appeal is whether or not the dismissal of the conversion and malpractice claims was proper. Well, let's deal with how about jurisdiction. Sure. Jurisdiction. There was a final judgment entered in the case. It has never been changed. It was entered in all parts of the complaint. Is there a reconsideration motion pending? Not in this case. Well, but that's sort of I think what we'd need to explore a little bit. Our Bergman case, didn't it say when cases are consolidated for trial that you need to have final judgments in both cases or all cases? Well, the court has taken a case-by-case approach to that. And that's what the U.S. versus 8 million in change in currency says. That's what the Hall case says. It says that when they are consolidated for trial purposes, that is usually the dispositive factor, but it's always on a case-by-case standpoint. This case is unusual because both cases went to final judgment and a final judgment was entered. That's a very unusual posture for consolidated cases to come up on appeal where these issues come up. Normally, it would be a summary judgment motion has been entered in one case and the other case is still pending and hasn't gone to trial. Both of these cases went to trial. This is much, much more similar to the Gelboim or Gelboim case of the Supreme Court where they said, when you have a final judgment, that's what it starts with. Is that an MDL case? Pardon me? Is that a multidistrict litigation? That was a multidistrict litigation. You're saying that this family feud that involves a grand total of two cases is like an MDL? I'm saying that the holding in the Gelboim case where it says that it is the final judgment that is determinative and where we have a final judgment entered, that it is much more similar to that than the cases that... Isn't that what Rule 54B is for when you have something like this? We don't have a Rule 54B order, right? A certification from the district court, right? That's correct because I think the case law establishes that when you have a final judgment entered, you don't have a Rule 54B situation. I think that's what Rule 54B says. Did you seek any kind of clarification from the district court that although these cases were going to be tried together, that they should be treated separately? Did you do anything to clarify whether 54B would apply or wouldn't apply? In other words, did you seek in the district court to make clear that you wanted the right to appeal separately? After the judgment was entered, no. We had moved to sever prior to the cases going to trial, but no, not afterwards. We had a final judgment. I can't take the chance of waiting for the judge to rule on that and my 30 days going by because then I'm going to be facing the argument, you had a final judgment, it was only in this case... Well, that's a great answer as to why you protected yourself by filing this appeal, but that doesn't mean that it's persuasive in any way that we do have jurisdiction, right? I mean, it explains that you did sort of the lawyerly, cautious, appropriate thing to do, but... Yes, but it also doesn't establish that I should have moved under 54B because... Let me ask you this, if I could, Mr. Simpson. You quote in your opening brief from the U.S. versus $8 million and change case, and this is on page 24 of your opening brief, in the block quote, the final line is that the in part quote, on the likelihood of the claims being tried together, okay? Since these claims were already tried together, in a sense, isn't it safe to say that the chance of being tried together is 100% it's a decided historical fact and that therefore because they were tried together, they ought to be treated as one for jurisdictional appeal purposes? Is that not the logic of that line of the case or not? No, Your Honor, it's not. Because? Because, again, we're dealing in that case and I think all the cases, certainly within the Third Circuit, and I couldn't find any similar to this case, where one case is going up on appeal before the other case has gone to trial. And so they're talking about in that situation, we're going to wait for both cases to be tried before you get to appeal. In this case, both cases were tried. And so I do think you still apply a case-by-case analysis and you look at the two cases and you look at how they are different. If Mrs. Hall, Ethlyn Hall, had not died, I don't believe these two cases would have been consolidated. Because she's not Elsa Hall. She's raising claims that arise from 2007 to 2010. The only things in common are there is a general family feud and the defendant in one case is the plaintiff in the other. But there would be no counterclaim against Ethlyn Hall for the actions of Elsa Hall that primarily postdated Ethlyn Hall's death. So these are very different cases. It certainly does... You have a lot of the same people involved, though, in both cases, do we not? Yes. In U.S. currency, we had different parties with different interests and the court in that case said that the appeal was allowed because the two actions couldn't be tried together, did it not? I think it did in that case. That seems to work against you. If we're comparing which cases look like ones that are similar and which ones look different, this one looks quite a bit different than U.S. currency for those two reasons. I don't think it was that much different because, first of all, you only have one party in common in this case. The defendant in the case before you now and the plaintiff in the other case are common. But the plaintiff in this case and the defendant in the other case are not common. They are independent. Elsa Hall... They're closely related, though. Let's identify them. They are? Ethlyn Hall, now Elsa Hall in her representative capacities. Right. And Elsa Hall in her individual capacities. Right. So they're related. In fact, related by blood. Ethlyn Hall and Elsa Hall. This is a family. And if they had appointed a lawyer to be the representative, then the result would be different. That doesn't really make a lot of sense. They are different claims. The claims are completely different. But the players are the same. One player is the same. This court has held that a party in a representative capacity is not the same as the party in the individual capacity. Judges have an awful lot of discretion, don't they? To consolidate things? They do. But that doesn't mean that when the case is gone, both cases have gone to trial. And the trust is trying to get the trust resolved. Trying to get the estate resolved. And is now being delayed by... Potentially being delayed by two years. And the other case still hasn't been retried and isn't even scheduled for retrial. It might not be retried. Sam has a motion for reconsideration pending, right? That's right. If the judge grants that motion for reconsideration, then the whole kit and caboodle can come back here on appeal. That's one potential result. There's still going to be... It would appear at this point... Doesn't prudence dictate that we let that run its course? Absolutely not. Why wouldn't we do that? Why would we not stay this appeal? Even if we were to accept your argument that this is a separate, different case that deserves its own right to appeal, why wouldn't the prudent thing be to stay this appeal pending the outcome of that motion to reconsider in what I think even you would have to acknowledge is a closely related case? Closely related because it's a family feud? Yes. Closely related because it's so intertwined that a district court judge thought, these parties are going to be talking about many of the same facts. We're going to try the case at the same time. That closely related. And by the time it got to trial, they weren't that closely related. Because the counterclaim against Elsa Hall in her representative capacity, which mirrored the complaint against Elsa Hall in her individual capacity, was dismissed in its entirety. So right before trial, actually the Monday of jury selection, the case stopped looking like it did. Am I mistaken or is not one of your claims here on appeal that there were hearsay rulings that were amiss that prevented your client from being able to give reasons or excuses for her behavior with respect to her brother? There were hearsay issues that prevented Elsa Hall in her individual capacity from giving explanations. But because of the way the case was tried, that was used to tar Elsa Hall in her representative capacity, which was fundamentally unfair to the estate. So I guess my question is, would not the same kinds of issues, that is, the same questions about her behavior and what she was doing perhaps have come up? I mean, I thought part of your client's assertion was that there had been a series of bad acts by Samuel Hall that justified things that Eflin Hall did, and that therefore they're defensible from the estate standpoint, correct? In other words, it's not as neatly separate as you seem to be saying here at the podium, that this is all the estate and this is all the personal. The personal and the estate issues have common facts that interweave and which are going to show up in both, right? No. There's not going to be anything that's said about Elsa Hall and Samuel Hall's dispute that bears on what Eflin Hall did? There shouldn't be. I thought what Eflin Hall did and the arguments for why she cut off her son were some of the very same things that are coming up in the dispute between the son and daughter. No, not at all. The dispute between Eflin Hall and her son Sam is based upon acts he took when he was representing her and doing things between 2007 and 2010, and actually February of 2011 when he sent her the letter that informed her of the capital gain. And doesn't that also involve assertions by him that while she was alive, Elsa Hall was poisoning the mother's mind against Samuel Hall, that that's really behind what's going on, is that this is bad blood between sister and brother that reaches before Eflin's passing? No, Your Honor, because that is barred by collateral estopel, because that's all been decided in Florida and there was found to be no undue influence. The hearsay letter you're talking about or the hearsay you're talking about arises about the claim... I guess that's a question for a trial court, right, whether that's barred by collateral estopel. That's the point. There are common issues here and you're making an argument that it's already given and it's not in the case, but people are in fact arguing about that, whether it's collaterally estopped, right? No, Your Honor, I don't believe so. The judge said in the trial, and it's in the transcript, it's cited in my brief, we're not going to get into that. That's already been decided in Florida. It's now been affirmed on appeal in Florida. So that's decided. And then the hearsay is relating to the allegation that Elsa took Mrs. Hall away from the jurisdiction and hid her. Completely unrelated to Ethlyn Hall's claim that my son took this money improperly. So they are completely unrelated and the estate has important issues, needs to be able to resolve it, and the delay caused by waiting for an unrelated case to be resolved, however it might be resolved, is unfair to the estate. This is a case where the court should accept jurisdiction. Again, isn't that what Rule 54B is for? No, Your Honor, I don't believe Rule 54B applies when a final judgment has been entered. I don't think it can. That order did not dispose of a particular issue in this case. It disposed of the entire case. Why isn't it the lawyerly protective thing to make a 54B motion and say, we think this order is final and stands independent, but just in case you disagree with us, under 54B, why don't you certify this? Because my lawyerly reading of 54B is that it does not apply. That was not the judgment we got. It was not an order dismissing a particular part of our case, a single issue in our case. With all due respect, that's not answering the question. Why can't you, as a protective matter, say, we think that the better reading of 54B is we don't need to make this motion because we've got an independent basis, but just in case you disagree, here's our 54B motion. What's stopping you from doing that even now? Nothing is stopping it. I don't think it's necessary. I have a final judgment. It dismissed the case. You have final orders in two separately captioned cases, correct? What if the trial judge had entered an order that had the docket numbers of both cases at the top? And you've seen these captions many times, right? Part A, plaintiff, defendant, case number, plaintiff, defendant, case number. One order. And that identical order is then filed in both cases. Does your argument change? I don't believe so. It's still a final judgment in this case. Even if the judge had taken that extra step to highlight the fact that these cases were intertwined? I don't think it changes. And tried at the same time? I don't believe it changes, and I don't believe it should, because the key thing that the Gelboim court was concerned about was establishing a  And that's what the Gelboim case law says. And Gelboim changes it? I think to the extent you're talking about a situation where a final judgment has been entered, it does. Yes, absolutely. So our law, Gelboim is superseding precedent from the Supreme Court that vitiates our doctrine that these things are evaluated on a case-by-case basis? Only under the unique situation in this case where final judgments were entered in both cases that were tried together to a jury verdict. It's a different situation, I think, where an order of summary judgment has been entered dismissing a case versus a final judgment has been entered. But you're asking us to use Gelboim to establish a bright line rule for all the district courts in the Third Circuit that, and correct me if I'm wrong, because it's an important point you're making. You want us to establish a bright line rule that says where cases are docketed at separate numbers and final judgments are entered after trial in both, regardless of whether the cases are consolidated for trial. And tried together, if one case gets remanded or is under reconsideration, this court must exercise jurisdiction over the other case that has not been altered. Yes, Your Honor. Again, I have to say with my colleagues' indulgence, now I'm confused because I thought the heart of your argument was, in fact, no bright line rule. So that was the purpose of your citing U.S. versus $8 million and change and taking that block quote and giving it special prominence. Because it says specifically, quote, we have consistently rejected a bright line rule preferring a case-by-case approach. I thought your whole point was don't go for a bright line rule. And now I hear you acknowledging and saying, yes, I want a bright line rule. I'm sorry if my argument wasn't clear. In the situation where the final judgments have been entered in both cases that went to trial together, yes, there's a bright line rule. In the situation, which is the typical situation that comes before this court, where one case is dismissed, the other case hasn't gone to trial yet, and this party over here wants to get it up to you guys, there's no bright line rule. It's the case-by-case situation. But this case went to a final judgment with another case that went to final judgment. Has the Galboym case, Galboym, I guess as it's pronounced, has that been applied outside the MDL context? That's the part we're talking about. Right. It hasn't been cited in this circuit at all that I could find. It's been cited in a Second Circuit decision whose name escapes me now, I apologize, but it was the situation I was just talking about where one party has summary judgment or a preliminary dismissal before the other case went to trial, and the Second Circuit said we're going to continue to apply a case-by-case approach. It follows a similar approach to the Third Circuit. But it's nothing on the facts of this case where final judgment has been entered in both cases, and I'll submit a letter that gives you that citation this afternoon. If I can, I have one merits question I want to ask, and we're deep into overtime here, but if my colleagues will allow it. I'm curious about your conversion claims. Explain to me, if you would, why those are not redundant of the fiduciary duty breach and the fraud claims that you were able to... First of all, a conversion claim doesn't even require a fiduciary duty. You can have a conversion claim without fiduciary duty. I understand that the elements don't overlap. I guess what I'm asking is... Well, go ahead. You were answering and I interrupted you. I apologize, Mr. Simpson. I want to answer your question. They don't overlap. I don't think you can have a breach of fiduciary duty without conversion. No, I'm sorry. You can have a conversion case without a breach of fiduciary duty. And so the determination of the fiduciary duty claim is not determinative of the conversion claim. The jury could have found that there was no breach of fiduciary duty, but after the fiduciary duty ended, Attorney Hall continued to exercise... How about the fraud? Can that... Is that duplicative of the... No. Again, separate elements and... Okay, thank you. With respect to that Second Circuit case, if for some reason you have it at counsel table, you can tell us in rebuttal. If not, then just a letter under 28J letting us know, okay? I can open my computer and I'll get it. My name is Marie Thomas-Griffith, and I'm here today on behalf of the appellees. It is our position that indispensable to the exercise of this Court's jurisdiction is the existence of a final order. In looking at the judgment of the Court, what we recognize is that the judgment spoke to the claims that were tried by jury. We believe that there are several counts that remain unresolved by the trial court, and that this Court should dismiss this appeal and allow the trial court to resolve those pending claims. Let me ask you something right out of the box. If we agree with you that there's a lack of jurisdiction here, then the jury's rejection of a state's claim is going to stay out there in limbo, right? Pending the completion of a full retrial of the other case, or the other claims. Is that right? No, Your Honor. We believe that the claims that remained unresolved were equitable claims that should have been resolved by the trial judge. For example, Counts 8, 9, and 10, which Mr. Simpson, in his reply brief, recognized for the first time that he was redrawing those claims. But importantly, at the time that he initiated this appeal, those claims remained unresolved by the Court. If we look at the judgment of the Court, the judgment spoke to expressly, and it's at JA-3, the claims that were tried by the jury are those claims which were resolved under merits. However, there were claims, as I just indicated, restitutionary claims that remained unresolved by the trial court. We accept that at this point, the appellant is not intending to proceed on those three particular counts, 8, 9, and 10. However, the point is, he initiated this appeal at a juncture where the finality rule has not been met. Hold on just a second. He says in his brief, we're not appealing from an order, we're appealing from a judgment. A judgment was entered. It wasn't some order. There was a statement by the Court, you lose, period. Why is he wrong when he says, look at this thing that the District Court did. The District Court threw my case out, said you're losing completely. How's that an erroneous understanding of what the District Court did? There are three reasons why he's wrong, Your Honor. He's wrong because this case was consolidated appropriately with the 1395 case. Leave that aside. Whether the judge decided to try them together doesn't answer the question of whether this was a complete loss for his side. Set that to the side. What else do you have? Well, I also have the fact that prior to trial, the Court issued a ruling with respect to counts 3, 4, and 5. Those were the legal malpractice and the two conversion claims. The Court, however, declined to explain the grounds for its ruling and provided, if we look at the transcript, indicated that a memorandum opinion would be forthcoming. Can it really be the case that if a judge doesn't follow through with what the judge says he or she is going to do, that that means we don't have a final order when a judgment is entered? I mean, the judge promises to do something and doesn't get around to it for one reason or another. Busy trial judges. But they're dismissed. They're gone. The judgment was not a final judgment because it was expressly referencing only those claims that were tried to the jury. What's the judgment say? It specifically says the plaintiff recovers nothing and then on the second part of it it says the action was tried by a jury with the judge presiding and the jury has rendered a verdict. There is a second option that the clerk or the court could have selected in indicating that this was a final judgment meant to dispose not only those claims that were tried to the jury, but those claims that were equitable in nature and could have been disposed by the trial judge or those claims that were disposed of prior to the trial itself, such as 3, 4, and 5. Those are the accounting, constructive trust, equitable lien claims, right? That's correct. But I'm surprised, if I understand your argument now, I'm surprised that you're arguing to us that it could be possible under the law for you to lose on any of those claims. Or let me rephrase it. How could your adversary possibly prosecute those three equitable claims having already been determined to have lost completely on the legal claims by the jury? Doesn't it follow as night follows day that those three equitable claims die the minute that the jury says you get nothing on any of your legal claims? Your Honor, we're not arguing with respect to whether the appellant would have prevailed had we received a ruling from the court on those three claims. I'm not asking about prevail. I'm saying under what legal regime could any of those three claims, the request for an accounting, the creation of a constructive trust, and the imposition of an equitable lien, under what legal regime could those possibly be argued or survive the complete loss on all of the legal claims? I don't believe that any exists. In fact, you would argue that, right? Let's just rewind the tape. Let's assume that Mr. Simpson said, okay, Your Honor, we got the jury's verdict, the jury has spoken. Now, let's move to prosecute our equitable claims. You would have jumped right up because you're obviously a bright lawyer. You'd jump right up and say, Your Honor, what are we talking about? These equitable claims are gone. The jury has spoken. Am I wrong? But we are here on appellate review, and appellate review requires certain predicates to be established before Your Honors have an opportunity to consider what is before you. Right. I'm challenging you that one of those predicates is that these three claims necessarily, the equitable claims necessarily died the minute the jury ruled in your favor on the legal claims. That may be the case. However, we do not have a final order from the trial court that reflects that. Are they even actually claims? I mean, is it fair to call these things claims? Aren't they just statements of kinds of relief that you would want if you won? We believe that to be true, but as the architect of the claims and the remedies that they seek, it is the obligation of the appellant to ensure that at the time they seek appellate review that there has been the disposition of the merits of the entire matter. Well, the district court entered an order saying, quote, the action be dismissed on the merits. The court has ordered that the action be dismissed on the merits. That seems to be when you say an action is dismissed, aren't you saying the whole set of claims, not a claim here, a claim there, but the entirety of the set of claims is out. Isn't that what the word action means in that context? We believe it's improper to read the language of the judgment in that way, because if you look to the bottom of this judgment, it defines what is meant by the action for purposes of this particular judgment, which was partial only as to the jury claims, and it defined the action. Your best claim, your argument is that three requests for equitable relief, framed perhaps mistakenly, and indeed even your learned opposing counsel acknowledges that perhaps these were better framed as claims for relief instead of independent actions, but that these three claims for equitable relief, which you would agree, everybody would agree, become a legal nullity once the underlying legal claims are decided against your opponent, are a basis on which to say there are yet claims outstanding. That's the argument you're putting in front of me. That's not our only argument, Your Honor. As we indicated, counts three, four, and five were disposed of without opinion. But they were disposed of. They're gone. Are you really arguing that those are live claims? If these went back to the district court, that you folks would say, Your Honor, we got to hear those claims. Those claims are out there. No, but what's outstanding is the opinion that's missing. But, Your Honor, you ask about what are we relying on? We're also relying on the fact that this particular case was consolidated for all purposes with another case. Mr. Simpson, neither... I got to ask about that, too, because I went and I read the orders. And maybe I missed it because there was a lot of stuff going on here. You guys have been fighting for a while. This is one of those stories about the inevitable battle over death and taxes. And as I dug into it and I read the magistrate judge's order for consolidation, I didn't see the words consolidated for all purposes. Is that what it says? Because maybe I missed it. No, it actually just says that the cases were consolidated. It's important to note that Mr. Simpson didn't challenge that motion for consolidation. He didn't seek to sever until virtually on the eve of trial on Christmas Eve. When did you notice that we're going to be tried together? It sounds like you're arguing, well, it was fine for discovery. When did you have noticed that this was going to be consolidated for all purposes for the entirety of the case? I believe that the trial date in this matter was set for several months before the date of the trial itself. What we do know is that Mr. Simpson took no action to seek to sever and didn't seek to challenge the consolidation order, didn't seek to make any objections with respect to how the case was progressing. And in fact, we are here. The only argument made by Mr. Simpson as to the reasons for severance was with respect to potential confusion. There has been no arguments advanced to the trial judge as to the actual confusion or prejudice implicit in the cases being consolidated for trial purposes. Hold on just a moment when you say there's been no argument. Weren't there arguments consistently at the trial about you need to let in this other information? In fact, in the hearsay rulings that are on appeal before us right now, a kind of an objection to the way they were tried together resulting in prejudice? I heard the arguments of Mr. Simpson and what I heard is that it was Mrs. Hall in her individual capacity or her counsel that made certain objections. On the trial record, there are no arguments from Mr. Simpson with regards to any particular evidentiary rulings and certainly none which he urged the trial court would result in jury confusion. Hold on just a minute. I apologize for interrupting Ms. Thomas-Griffith. Are you suggesting that when counsel for Elsa Hall stood up and objected, there was a requirement that counsel say, I am now objecting on behalf of the estate or I am now objecting on behalf of Elsa in her individual capacity? Well, let me be clear. There were no arguments by either counsel with respect whether in individual or representative capacity with respect to actual jury confusion, the ground upon which Mr. Simpson initiated his motion for severance. Mr. Simpson himself has not raised that issue and he certainly has not cited to this court a singular reference in the trial transcript amounting to prejudice that his client sustained or confusion of the jury with respect to any evidentiary ruling. Can't we understand the arguments about hearsay to be exactly that, to be saying, hold on, you wouldn't let me, Elsa Hall, explain why I took my mother to Florida. You wouldn't let me do that. You wouldn't let me talk about that. You said it was hearsay and I couldn't discuss what Ethlyn Hall was saying to me about why she didn't want Samuel to do X, Y, and Z, get me out of town. And that prejudiced me and it tainted the case on behalf of the estate. I hear them making that argument and making a push that that's unfair and prejudiced them. Why isn't that exactly the kind of potential confusion for the jury and prejudice to them that existed because of putting these two cases together and sending them to trial at once? What is clear in the trial record is that the trial judge and counsel for Elsa Hall pointedly made distinctions about Elsa Hall in her individual capacity and Elsa Hall in her representative capacity. Neither Mr. Simpson nor Elsa Hall's counsel in her individual capacity objected any further on the trial record in continuing the trial under the conditions that we had. And so our position, Your Honor, is that their arguments with respect to jury confusion and prejudice simply are unsupported by the trial record because the trial judge gave them an opportunity and they simply did not insist that continuing further. On the other hand, there was never a ruling, right? Judge Gomez didn't rule on that motion, did he? The motion is severed? That's correct. However, it was not raised after it was filed. It was not raised in the context of the trial. There were no arguments made with respect to the motion in the context of the trial. What do you have to do to preserve? Do you have to keep moving and keep objecting or is it enough to move? We believe what's significant is when we look at the trial record where the trial court gave the Elsa Hall representatives an opportunity to preserve the record and to ensure that the court was judicious in keeping out information such as information related to the probate court proceedings, information related to the guardianship proceedings that had nothing to do with the issues being tried, that those actions by the trial court was enough to prevent any prejudice to the Elsa Hall parties. And so we believe that the trial judge has done what was necessary to ensure that the matters undergirding the motion to sever were in fact addressed. You're agreeing that all the information about undue influence, et cetera, by Elsa Hall is in fact matters that have been decided in Florida and you'd be collaterally stopped and shouldn't have any opportunity to talk about that in conjunction with the estates? We absolutely don't agree with that. Then how can you take the position that you just took a moment ago about the judge made sure all these things were completely separate, there's no overlap, et cetera? Because the judge was concerned with the claims that were before it to be tried. The circumstances in Florida was a very narrow case dealing with two precise instances involving the execution of two different instruments. And so the trial court was concerned about keeping out that information because the claims in this case involved different time periods, involved different instruments and involved... So the whole, you're saying that we separate the execution of those two instruments from the whole notion that Elsa wooed Ethlin to Florida with improper motive and then overcame her will there and turned her against Samuel? You're saying the run-up, in other words, to the execution of those two documents are at issue in this dispute here on the island? We believe that the historical relationship between Samuel Hall and his mother, and conversely the relationship between Elsa Hall and his mother, are obviously fundamental to the claims that were tried to the district court of the Virgin Islands. Even accepting that the validity of those two instruments executed in Florida is a moot point? The trial of the case in the Virgin Islands did not involve the execution with respect to the will and the trust. And that's what I'm saying is an entirely separate matter that was tried in Florida as opposed to the claims in Florida. And what the district... But just so we're clear, you're not challenging the efficacy of that because it's already been litigated in Florida, but you are making the point, don't confuse the mootness of that issue with meaning that all of the other behaviors among mother and son and daughter aren't pertinent to the litigation here. Well, the challenge is that Mr. Simpson makes arguments with respect to the gift note on which Mr. Hall received the gift note. He made arguments to you and in his brief with respect to the two powers of attorney in 2007 and 2008 that run afoul of his acknowledgement in the joint final pre-trial order that in fact he was no longer contesting Mrs. Hall's signature on those documents. In fact, he conceded that those instruments did what they did by not challenging the signature. Those were the things that the jury heard in connection with the claims tried in the Virgin Islands. What's absent on the trial record is any evidence, any evidence, that in fact the claims that Mr. Simpson raised, that Mr. Hall engaged in certain bad conduct, that there was any evidence to support it. And so what we suggest is that the evidentiary rulings that Mr. Simpson is urging you somehow that there was prejudice in him not being able to support it. That he was not being able to protect the record with respect to state of mind exceptions. Those were not things that he attempted to preserve on the trial record. He made no objections with respect to any such rulings. He didn't file any post-trial briefs with respect to any evidentiary rulings. He raises those issues for the first time here. Is it true that there was no opening statement permitted on behalf of Elsa Hall? At the time, prior to the lead up of the trial, Mr. Simpson is here in his representative capacity. In representing his client in his representative capacity, Mr. Simpson made an opening argument on behalf of Elsa Hall. The trial court recognized that there were two parties on either side, and as to that situation, recognized that only one side would be allowed to argue. Mr. Simpson had his opportunity to make an opening, and so he urges the court in an argument that's not supported by the trial record. So there was an opportunity to give an opening statement on behalf of the estate? That's correct. And was there an opportunity to give an opening statement on behalf of Elsa Hall personally? There was not, but there was neither an opportunity for the firm of Hall and Griffith to be provided with an opening statement. So let me ask you this, do you think that there might be a problem with jury confusion in that? Do you think the jury is, at the beginning of a case, has got this in their mind and understands this? I mean, or is this a circumstance that's sort of rife with the opportunity for misunderstanding and confusion? The opportunity for appellate review into that matter, however, has to be preserved by arguments urged by the appellant at the trial level. What we will know is, by looking at the transcript, is that Mr. Simpson made no objections, nor Mr. Beckstead, who represented Mrs. Hall in her individual capacity, made no objections with respect to the singular argument on either side. I mean, that is a circumstance that the court recognized the parties could have collaborated, and it's highly possible, as Your Honor noted earlier, that there could have been arguments made by Elsa Hall. How about a motion to sever? How about an assertion to the district court that these cases ought not be tried together? When you say there was nothing done on the record, I guess I keep coming back to this question. I mean, there was a motion that wasn't ruled on that said, don't do this. The motion was predicated by the potential for jury confusion, but we are here. We are here on appeal, and we now have a trial record, and Your Honor, what the argument I'm making is that if we consider the trial record, if we consider the evidence in the record below, what we will note is that there is not a singular reference by Mr. Simpson in that trial record urging the court or objecting upon the inquiry of any particular witness that, Your Honor, that is precisely the grounds for my motion to sever. He simply left the argument. Well, we have, as Judge, well, I think we've pointed out repeatedly, we're kind of going in circles a little bit. It's not enough to preserve the issue by filing a motion? Must he continue to object until the judge rules? He, Your Honor, he has to preserve the record by making objections as is appropriate as the evidence unfolds at trial, and that's simply my argument. There are opportunities in the context of the trial where, had Mr. Simpson believed that the testimony coming from any particular witness or the inquiry of counsel to a particular witness is the kind of inquiry or answer that would yield to jury confusion, he had an opportunity and an obligation, if he intended appellate review, to preserve the record in that regard. And those are the kinds of instances that would have informed this court, not as to the potential for jury confusion, but as to the potential for jury confusion. But as to arguments implicit as to actual jury confusion, where those arguments would have been preserved by Mr. Simpson, and it's simply not in our record. And so we cannot... Of course, there was never a sort of a, kind of a Rule 50B type thing where there was a renewed motion to say, look, here's where confusion and prejudice occurred at trial, you know, post-trial. He need not renew the motion in every instance, but he certainly has an obligation to preserve his objections so that we can continue to pursue the case. And so we can consider precisely what those issues are that we're talking about. We're really being asked to... I think we have it. Thank you, counsel. I just want to remind the court about our pending motion to strike. It was filed before your honors, and I just want to raise it for your honors' attention. And we certainly would ask the court to dismiss this appeal as lacking in jurisdiction or the alternative to affirm. Thank you. Thank you, your honors. To address the last issue first, the counsel is essentially arguing that throughout the trial, I should have been objecting, saying, see your honor, you were wrong, you should have severed this. Maybe once. Not necessarily throughout, but one would think that, you know, when there was jury confusion, you'd sort of raise your hand and say, your honor, may I have a sidebar or objection? This is precisely what I was talking about. This is why I filed a motion to sever. That never happened once, did it? I can tell you that Judge Gomez would not brook such an objection. Not even, you know, during a lunch break, or, you know, may I take up a matter with the court, your honor, outside the hearing of the jury during a lunch break, during, you know, at some time? You're saying you weren't allowed to put that on the record? Your honor, when I was trying to put something on the record at sidebar, he walked back to the bench and ended it. When I was trying to ask him a question before the trial began, and he wanted to, there was a legislative function, he walked out while I was trying to raise my hand. He didn't raise the question. Now you're arguing that you wanted to make objections and the judge didn't allow you? No, I'm not saying that I wanted to make an objection about that in particular. I'm just saying that is the way Judge Gomez tries his cases, and that's, you have to deal with that. We moved to sever. He didn't rule on the motion, he began the trial. At that point, there's nothing else you can do. You say, Judge, we need to sever now and go pick two new juries? It doesn't work that way. Well, you could object on jury confusion. You could make any other manner of objections to the presentation of the evidence, one of which is vague, confusing, etc. That's not unusual. No, but it's not necessary to preserve the issue we're raising on appeal, which is that the case should have been severed before it began. Well, but it does, I think that's a good argument on one level, but on another level, it's hard to argue that there was, to Ms. Thomas Griffith's point, it's hard to argue that there actually was confusion when you didn't say boo about it during the trial. Your Honor, I mean, when Mr. Beckstead wasn't allowed to give an opening statement in response to the opening statement made by Sam Hall, I don't know what more he could have done. Was his objection raised to that? Yes, and he was told, you'll get an opportunity, and then was never given an opportunity. And then he never said, hey, Your Honor, respectfully, you forgot to give me my chance to argue. That never happened. No, he didn't. And there are a lot of things that, I guess, part of our challenge in reviewing the record is there are a lot of things that people said were going to happen later that never happened, including the issuance of an opinion. Yes, yes, there are a lot, and that's just kind of the way the cases get tried. Well, let's go back to Gelborn, because I think you raised a really important legal issue there. Taking a look at that case again, I'm having trouble accepting at face value, speaking only for myself, your notion that it dictates a change in our jurisprudence in the Third Circuit. The court in that case emphasized that that case wasn't even consolidated for trial. It was consolidated for pretrial, correct? Correct. Pretty important distinction. And in that case, the Supreme Court emphasized, did it not, that cases that are consolidated for purposes of multi-district litigation typically retain their independent status? Yes, Your Honor. And again, that's not true when a judge says, hey, we've got these two cases or three cases that are all similar, and we're going to consolidate them for trial. That's qualitatively different. Well, the two cases were consolidated, as Judge Jordan mentioned. The order doesn't say why. Now we know it was for trial, but docket-wise, they were not consolidated. They were maintained as separate actions, and then a final judgment was entered dismissing this action. I'm not a trial judge, but I confess I don't. When they're consolidated, does one docket number disappear and meld into the other one? I don't remember it that way. In researching this, I have seen that that is a procedure that is followed. And on the ECF system, you can be given an option to have everything filed in one or have everything filed in both. That's controlled by the clerk of court. But if they file it in one, wouldn't they use both docket numbers just to keep clear that it's two cases consolidated? If the ECF is set up that way, and that is an option that can happen, yes. But as the fact of the matter is, in this case, the ECF, every time you filed, you were given an option. Spread this across both docket entries or not. And actually, one time when we only did it in the one case, we were told by a clerk called up and said you need to spread it across both. But they were not combined into one action, which goes to – I'm out of time. Well, just tell us what you were going to address. Okay, I'll give you the case. And I also just want to point out that Rule 54B says that when an action presents more than one claim for relief and one of those claims is dismissed, that's when you file under Rule 54B. We have a final judgment that says the action is dismissed. So that's why I don't believe Rule 54B is applicable. The case is McCalla, M lowercase c, capital C, U-L-L-O-U-G-H versus World Wrestling Entertainment Association. It doesn't have a Westlaw site yet, I don't believe. The appeal numbers, there's two appeal numbers, 16-1231 and 16-1237. And it was decided by the Second Circuit on September 27, 2016. What was that date? September 27, 2016. And as I said, they essentially said we're going to continue to apply a case-by-case analysis, but it was not the situation we have here where the two cases, or in that case, I think it was six cases, were all tried to a judgment. Thank you, counsel.